IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HAROLD FORD | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MICHAEL WENEROWICZ, ET AL. | : | NO. 09-3537 |

**MEMORANDUM**

**Padova, J.**                                                                                          **July 7, 2010**

Before the Court is Harold Ford's Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. On April 16, 2010, United States Magistrate Judge Elizabeth T. Hey filed a Report and Recommendation ("R & R"), which recommended that we deny the Petition in its entirety and dismiss as untimely a revised Petition that Petitioner subsequently filed. Petitioner has filed objections and supplemental objections to the Report and Recommendation. For the reasons that follow, we overrule Petitioner's objections, adopt the Report and Recommendation as set forth herein, and dismiss the Petition and revised Petition with prejudice.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

On December 18, 2002, a jury convicted Petitioner of robbery and conspiracy. Commonwealth v. Ford, No. 3457-02, slip op. at 1 (Chester County Ct. Com. Pl. Sept. 30, 2003). The conviction arose from the June 24, 2002 robbery of two employees of the Hilton Garden Inn in Kennett Square, Pennsylvania, as the employees were cashing out their drawers. Id. at 8-9. Police officers stopped Petitioner shortly after the robbery, and evidence from the car in which he was traveling, as well as the victims' identifications of Petitioner at the scene of the arrest, were admitted at trial. Id. at 14-15. Petitioner was sentenced to twenty-five to fifty years' imprisonment on the robbery count pursuant to Pennsylvania's mandatory "three strikes" provision, 42 Pa. Cons. Stat.

Ann. § 9714, and to ten to twenty years' imprisonment on the conspiracy count, to be served concurrently.

The Pennsylvania Superior Court affirmed Petitioner's conviction and sentence on July 12, 2004, Commonwealth v. Ford, No. 2087 EDA 2003, slip op. at 3-5 (Pa. Super. Ct. July 12, 2004), and the Pennsylvania Supreme Court denied his request for allowance of appeal on April 19, 2005, Commonwealth v. Ford, 872 A.2d 1198 (Pa. 2005). Petitioner timely filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, in which he argued in part that the trial court erred in applying the three-strikes provision to him. After receiving counsel, Petitioner filed an amended petition on October 20, 2006, and argued in that petition that (1) he was improperly sentenced under the three-strikes statute because he was never sentenced as a "second strike offender," (2) there was insufficient evidence to establish that he committed enumerated prior offenses, and (3) the court's consideration of a conviction that occurred more than seven years before the instant offense constituted a retroactive application of the three-strikes statute against him. The PCRA court dismissed the petition, and the Pennsylvania Superior Court affirmed in a published opinion on April 29, 2008, reasoning that § 9714 is not illegally retroactive, and that Petitioner need not have been sentenced as a second strike offender in order to be sentenced under § 9714. Commonwealth v. Ford, 947 A.2d 1251, 1253-54 (Pa. Super. Ct. 2008). Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on October 8, 2008. Commonwealth v. Ford, 959 A.2d 319 (Pa. 2008).[1]

On July 13, 2009, Petitioner filed the instant Petition, which raises three claims for relief: (1)

---

[1] Petitioner had also filed an earlier PCRA petition, which was dismissed as premature, and later filed another second PCRA petition, which was dismissed as untimely.

the sentencing court's enhancement of Petitioner's sentence with convictions that occurred more than seven years before the instant conviction violated his Due Process rights and the Ex Post Facto Clause; (2) the court's enhancement of his sentence with convictions prior to § 9714's enactment violated his Due Process rights and the Ex Post Facto Clause; and (3) his trial and appellate counsel were ineffective for failing to argue that his sentence violated the Due Process and Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. However, Petitioner had not used the correct form for his Petition and, in an Order dated September 30, 2009, we provided him with a copy of the correct form and directed him to return it within thirty days. Petitioner then filed a revised Petition on October 15, 2009,[2] in which he raised the following four issues: (1) his conviction was based upon evidence obtained pursuant to an unconstitutional search and seizure in violation of his Fourth Amendment rights; (2) his conviction was based upon an unlawful arrest in violation of his Fourth Amendment rights; (3) the prosecution failed to disclose evidence that was favorable to Petitioner; and (4) his counsel was ineffective in failing to file a post-sentencing motion or petition for reconsideration. On December 30, 2009, Petitioner filed a Memorandum of Law in which he addressed the issues raised in both his original and revised Petitions. After the District Attorney's office filed its Answer and Petitioner filed a response thereto, the Magistrate Judge directed the parties to address whether any of Petitioner's claims were time-barred.

    The Magistrate Judge now recommends that Petitioner's original Petition was timely filed

---

[2]In keeping with the rule that a pro se petitioner's habeas petition is filed at the moment he delivers it to prison authorities for mailing, see Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), the Magistrate Judge deemed Petitioner's original Petition filed on July 13, 2009, the date of his signature on the in forma pauperis attachment to the Petition, rather than July 24, 2009, the date the Petition was docketed. She also deemed Petitioner's revised Petition filed as of October 15, 2009, the date Petitioner signed it, rather than October 20, 2009, the date it was docketed.

but that the revised Petition, which was filed after the statute of limitations for such petitions expired, is untimely and does not relate back to the date of the original Petition because it raises issues that are unrelated to the claims raised in the original Petition. Specifically, the Magistrate Judge recommends that the revised Petition's arguments, which allege errors relating to the validity of Petitioner's conviction, have nothing to do with the claims in the original Petition, which were based on the constitutionality of Petitioner's sentence under § 9714. The Magistrate Judge thus recommends that enforcement of the time bar is appropriate and that Petitioner is not entitled to equitable tolling. The Magistrate Judge also recommends that Petitioner failed to exhaust his claim that his sentence was impermissibly retroactive because § 9714 had not been passed at the time of his prior convictions. Addressing the remainder of Petitioner's retroactivity claim on the merits, the Magistrate Judge recommends that Petitioner's sentence was not the result of an ex post facto violation and that the Pennsylvania courts' decisions to that effect neither were contrary to, nor involved an unreasonable application of, clearly established federal law. Relatedly, the Magistrate Judge recommends that Petitioner's counsel could not have been ineffective for failing to argue the ex post facto issue. Petitioner objects to all of the Magistrate Judge's recommendations except her recommendation as to his ineffectiveness claim, upon which he does not comment.

## II. STANDARD OF REVIEW

Where a habeas petition has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . . . [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to 28 U.S.C. § 2254(d), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus may be granted only if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States"; or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## III. DISCUSSION

### A. Timeliness of the Revised Petition

Petitioner argues that, in light of our September 30, 2009 Order giving him 30 days to submit a revised habeas petition, the Magistrate Judge erred in recommending that the illegal search and seizure and illegal sentencing arguments raised in his revised Petition are time barred. AEDPA imposes a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). This period generally begins to run on the date the judgment becomes final in the state courts and is tolled by a properly filed application for state post-conviction relief. 28 U.S.C. §§ 2244(d)(1) and (2).

Petitioner did not raise any Fourth Amendment issues in his original Petition, which he timely filed. Instead, he raised these arguments in his revised Petition, which he filed on October 15, 2009, more than one year after October 8, 2008, the date on which the Pennsylvania Supreme Court denied his request for allowance of appeal. As the Magistrate Judge correctly concluded, the revised Petition (with its Fourth Amendment claims) does not relate back to the original Petition and is therefore untimely.

Petitioner has not asserted an equitable tolling claim; nevertheless, we note that AEDPA's one-year filing period is subject to equitable tolling only when "'principles of equity would make

5

[the] rigid application [of a limitation period] unfair.'" Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)); see also Holland v. Florida, ___ S.Ct. ___, 2010 WL 2346549, at *9 (June 14, 2010). A petitioner seeking equitable tolling bears the burden of showing that he "exercised reasonable diligence in investigating and bringing [the] claims," Miller, 145 F.3d at 618-19 (citation and quotation marks omitted), and that "some extraordinary circumstance stood in his way." Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (citation and quotation marks omitted). The United States Court of Appeals for the Third Circuit has "cautioned . . . that courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citation omitted). Equitable tolling should only be applied "'in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "Mere excusable neglect is not sufficient," id. at 276 (citations omitted), and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Applying these standards, we conclude that the Magistrate Judge did not err in recommending that Petitioner's Fourth Amendment claims are untimely and that Petitioner is not entitled to equitable tolling, since Petitioner has not shown that he was reasonably diligent in investigating his Fourth Amendment claims but was prevented from timely asserting them due to extraordinary circumstances. Our September 30, 2009 Order instructing Petitioner to refile his Petition within 30 days using the correct form does not affect the timeliness of Petitioner's claims in his revised Petition, since Petitioner was in no way prevented from raising those claims in the original Petition, or in some other filing before the October 8, 2009 deadline. Moreover, as the Magistrate Judge correctly

6

explained, we could not review Petitioner's Fourth Amendment claims even absent the time bar, because the federal courts may not grant habeas relief on Fourth Amendment claims "'where the State has provided an opportunity for full and fair litigation'" of those claims, as is the case here. Marshall v. Hendricks, 307 F.3d 36, 81 (3d Cir. 2002) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)). Therefore, we approve and adopt the Magistrate Judge's recommendation that the revised Petition is untimely, and decline to review the claims asserted therein.

B. Procedural Default

Second, Petitioner argues that the Magistrate Judge erred in recommending that he failed to exhaust his claim that his sentence pursuant to Pennsylvania's "three-strikes" statute, 42 Pa. Cons. Stat. Ann. § 9714, was impermissibly retroactive because his prior convictions predated the statute's enactment. "[H]abeas petitioners must exhaust available state remedies before seeking relief in federal court . . . ." Cone v. Bell, ___ U.S. ___, 129 S. Ct. 1769, 1780 (2009); see also 28 U.S.C. § 2254(b)(1)(A). "A claim is exhausted if it was 'fairly presented' to the state courts." Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007) (citations omitted). A state prisoner fairly presents his federal claim by presenting "the same factual and legal basis for the claim to the state courts." Id. at 198 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)). Once he has fairly presented his claims, "a state prisoner must 'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" Id. at 197 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and citing Woodford v. Ngo, 548 U.S. 81, 92-93 (2006)). The Magistrate Judge correctly noted that Petitioner did not argue on direct appeal or in any of his PCRA petitions that his sentence was impermissibly retroactive because his prior convictions predated the enactment of § 9714. Therefore, Petitioner

7

did not "fairly present" this claim to the state courts and thus failed to exhaust it.

Failure to exhaust may be excused if the petitioner's claims are procedurally barred under state rules. Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (citing Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)); see also 28 U.S.C. § 2254(b)(1)(B)(i) (excusing the exhaustion requirement if "there is an absence of available State corrective process"). In this case, Petitioner cannot raise his federal claims in state court without filing another PCRA petition. See Flamer v. Coleman, Civ. A. No. 08-3127, 2009 WL 2996472, at *9 (E.D. Pa. Sept. 17, 2009) (citing Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001), and Lines v. Larkins, 208 F.3d 153, 164 & n.17 (3d Cir. 2000)). It would, however, be futile for Petitioner to file another PCRA petition at this time because any such petition would be time-barred by the PCRA's statute of limitations, which requires a PCRA petition to be filed within one year after the petitioner's judgment becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b). We therefore find that Petitioner's claim that his sentence was impermissibly retroactive because his prior convictions predated the enactment of § 9714 is procedurally barred by state rules and, as a result, find that his failure to exhaust this claim is excused.

Nevertheless, excusing Petitioner's failure to exhaust this claim does not, without more, allow us to proceed to its merits. Lines, 208 F.3d at 160. "Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner 'establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.'" Id. (quoting McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999), and citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order to establish cause and prejudice excusing his default, "'a petitioner must demonstrate some objective factor external to the defense

that prevented compliance with the state's procedural requirements.'" Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2004) (quoting Coleman, 501 U.S. at 753). Petitioner has neither asserted any cause nor alleged a fundamental miscarriage of justice excusing his state procedural default. Therefore, Petitioner has provided us with no basis on which to consider his claim on the merits in spite of the procedural bar. We consequently adopt the Magistrate Judge's recommendation that we not review the merits of his claim that his sentence was retroactive based upon the fact that § 9714 was enacted subsequent to his convictions.

      C.     <u>Merits Review of Retroactivity Claim</u>

Third, Petitioner argues that the Magistrate Judge erred in recommending that the application of § 9714 to his sentence did not violate the Ex Post Facto or Due Process Clauses, even though his prior convictions occurred more than seven years before Petitioner committed the instant offense. Unlike the retroactivity argument discussed above, Petitioner raised this argument in his amended PCRA petition and pursued it on appeal. Therefore, it is an exhausted issue, and we will review it on the merits.

Pennsylvania's "three-strikes" statute provides in relevant part that "[w]here [a defendant] had at the time of the commission of the current offense previously been convicted of two or more . . . crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement . . . ." 42 Pa. Cons. Stat. Ann. § 9714(a)(2). Although § 9714 in its initial form restricted qualifying convictions to those that occurred within seven years of the date of the commission of the instant offense, it was amended effective in 2001 to remove the seven-year restriction. See 42 Pa. Cons. Stat. Ann. § 9714, historical note, Act 2000-113. To establish the applicability of § 9714 in setting Petitioner's sentence, the

9

Government introduced evidence at Petitioner's sentencing hearing that Petitioner had been sentenced to (1) four to eight years of imprisonment in 1973 for two counts of robbery, (2) 24 to 59 months of imprisonment in 1979 for robbery, and (3) four to ten years of imprisonment in 1989 for robbery. (6/30/2003 N.T. at 28-32, attached as Ex. H to the Answer.) In ruling on his amended PCRA petition, which raised this argument, the PCRA court rejected Petitioner's contention that convictions occurring before the 2001 amendment to § 9714 should not be considered strikes. Similarly, the Superior Court concluded:

> Ford argues that any crimes which occurred prior to the amendment to section 9714 should not be considered strikes for purposes of sentencing a defendant as a third strike offender. However, in Commonwealth v. Smith, 866 A.2d 1138 (Pa. Super. Ct. 2005), a panel of this Court firmly rejected the argument that section 9714 was retroactive. See id. at 1143. In so finding, this Court found it determinative that section 9714 applies "prospectively only to future offenses and [does] not change the punishment for the predicate offense." Id. at 1143, citing Commonwealth v. Brown, 741 A.2d 726, 732 (Pa. Super. Ct. 1999) (holding that section 9714 is not an ex post facto law). Moreover, the Court found that "even if we were to deem § 9714 'retroactive' on some level because it takes into account convictions that occurred prior to its enactment, we would find that the legislature surely intended such a result, thereby satisfying [1 Pa. Cons. Stat. Ann.] § 1926['s prohibition against construing statutes to be retroactive "unless clearly and manifestly so intended by the General Assembly"]." Id. Accordingly, Ford's argument that the application of section 9714 is illegally retroactive is without merit.

Commonwealth v. Ford, 947 A.2d at 1253-54.

Ex post facto laws, which increase the punishment for a crime "'beyond what was prescribed when the crime was consummated,'" are constitutionally prohibited. Hameen v. Delaware, 212 F.3d 226, 236 (3d Cir. 2000) (quoting Lynce v. Mathis, 519 U.S. 433, 441 (1997)). However, it is settled law that recidivist statutes, which impose heightened punishments for new criminal conduct where

a defendant has prior convictions, do not pose an ex post facto problem, even when they are applied based on a defendant's convictions predating the enactment of the statute. See Gryger v. Burke, 334 U.S. 728, 732 (1948); United States v. McCalla, 38 F.3d 675, 680 (3d Cir. 1994) (finding no ex post facto violation where defendant's instant criminal conduct occurred subsequent to the effective date of the statutory amendment providing for enhanced punishment, and noting that "[t]he date of [the defendant's] prior criminal conduct is not relevant for purposes of an ex post facto analysis") (citations omitted). Therefore, we agree with the Magistrate Judge that the state courts' conclusion that the application of § 9714 posed no ex post facto problem is "consistent with the federal constitutional principle that recidivist statutes do not implicate ex post facto concerns so long as the instant offense for which the defendant is being punished occurred after enactment of the statute." (R & R at 25.) Accordingly, we adopt the Magistrate Judge's recommendation that the state court decisions regarding the application of § 9714 were proper and not contrary to, or involving an unreasonable application of, clearly established federal law.[3]

Petitioner also argues in his Supplemental Objections that the Magistrate Judge failed to consider the question of whether his sentence is illegal because the original enactment of § 9714 created a time restriction on the consideration of past convictions that cannot be eliminated. As an initial matter, Petitioner filed his Supplemental Objections after the expiration of the 14-day period following service of the notice that the R & R was filed, so his Supplemental Objections appear to be untimely. However, even if the objections were timely, we find that this argument is meritless.

---

[3]It is worth noting that the same legal principles that lead to the Magistrate Judge's conclusion that this claim is meritless can be applied to Petitioner's unexhausted claim regarding whether § 9714 is retroactive. Moreover, application of those principles would likewise lead to the conclusion that the retroactivity claim, like the ex post facto claim, is meritless.

Petitioner committed the offense for which he was sentenced in 2002, after § 9714 was amended to remove the seven-year restriction. Therefore, the time restriction contained in the initial version of § 9714 simply does not apply to Petitioner.[4]

## IV. CONCLUSION

For the above stated reasons, we conclude that (1) the claims contained in Petitioner's revised Petition are untimely; (2) Petitioner's claim that his sentence pursuant to § 9714 violated the Ex Post Facto and Due Process Clauses because his prior convictions predated the enactment of § 9714 is procedurally defaulted; and (3) Petitioner's remaining claims are without merit. Accordingly, we adopt the Magistrate Judge's Report and Recommendation, deny the Petition for habeas relief, and dismiss the revised Petition. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

[4]Petitioner does not appear to challenge the Report and Recommendation insofar as it recommended that Petitioner's counsel could not have been ineffective for failing to make an ex post facto argument below, since Petitioner's sentence pursuant to § 9714 does not implicate ex post facto concerns. Therefore, we approve and adopt the Magistrate Judge's recommendation that Petitioner's ineffective assistance of counsel claim be denied.