# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD FORD | : | CIVIL ACTION |
| v. | : | |
| MICHAEL WENEROWICZ, ET AL. | : | NO. 09-3537 |

## MEMORANDUM

**Padova, J.**                                                          **August 30, 2010**

On July 7, 2010, we entered a Memorandum and Order approving and adopting the Report and Recommendation of Magistrate Judge Elizabeth T. Hey and dismissing Petitioner Harold Ford's Petition and Revised Petition for Writ of Habeas Corpus. On July 22, 2010, Petitioner filed a Request for Reconsideration, in which he contends we made several errors in our July 7 opinion, and asks that we remand the matter to the Magistrate Judge for further proceedings and issue a ruling on the issues raised in his Request. For the following reasons, Petitioner's Request is denied.

## I. PROCEDURAL BACKGROUND

On December 18, 2002, a jury convicted Petitioner of robbery and conspiracy. Petitioner was sentenced to twenty-five to fifty years of imprisonment on the robbery count pursuant to Pennsylvania's mandatory "three strikes" provision, 42 Pa. Cons. Stat. Ann. § 9714, and ten to twenty years of imprisonment on the conspiracy count, to be served concurrently. After his petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. Ann. §§ 9541-46, was denied, Petitioner filed a habeas petition with this Court on July 13, 2009, in which he rased three claims for relief: (1) the sentencing court's enhancement of Petitioner's sentence with convictions that occurred more than seven years before the instant conviction violated his Due Process rights and the Ex Post Facto Clause; (2) the court's enhancement of his sentence with convictions prior to § 9714's enactment violated his Due Process rights and the Ex Post Facto Clause; and (3) his trial and

appellate counsel were ineffective for failing to argue that his sentence violated the Due Process and Ex Post Facto Clauses of the United States and Pennsylvania Constitutions. However, Petitioner did not use the correct form for his Petition. After we provided Petitioner with a copy of the correct form and directed him to return it within thirty days, he filed a revised Petition on October 15, 2009,[1] in which he asserted the following four claims: (1) his conviction was based upon evidence obtained pursuant to an unconstitutional search and seizure in violation of his Fourth Amendment rights; (2) his conviction was based upon an unlawful arrest in violation of his Fourth Amendment rights; (3) the prosecution failed to disclose evidence that was favorable to Petitioner; and (4) his counsel was ineffective in failing to file a post-sentencing motion or petition for reconsideration.

On April 16, 2010, Magistrate Judge Hey filed a Report and Recommendation ("R & R"), which recommended that Petitioner's revised Petition was untimely; that Petitioner failed to exhaust his claim that his sentence was impermissibly retroactive because § 9714 had not been passed at the time of his prior convictions; and that Petitioner's remaining claims were meritless because Petitioner's sentence was not the result of an ex post facto violation and that the Pennsylvania courts' decisions to that effect neither were contrary to, nor involved an unreasonable application of, clearly established federal law. In our July 7 Memorandum and Order, we approved and adopted the Magistrate Judge's R & R in its entirety and dismissed the Petition and revised Petition with prejudice.

---

[1]In keeping with the rule that a pro se petitioner's habeas petition is filed at the moment he delivers it to prison authorities for mailing, see Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), the Magistrate Judge deemed Petitioner's original Petition filed on July 13, 2009, the date of his signature on the in forma pauperis attachment to the Petition, rather than July 24, 2009, the date the Petition was docketed. She also deemed Petitioner's revised Petition filed as of October 15, 2009, the date Petitioner signed it, rather than October 20, 2009, the date it was docketed.

2

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Pub. Interest Research Group of N.J. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997). "'Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources.'" Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007) (quoting Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997)). Petitioner does not rely on the existence of newly available evidence or an intervening change in the controlling law. Consequently, we only consider whether our previous determination was a clear error of law or would create manifest injustice.

## III. DISCUSSION

Petitioner argues that we erred in concluding that the Fourth Amendment claims he asserted in his Revised Petition were untimely. However, Petitioner did not demonstrate that he was prevented in some way from asserting his Fourth Amendment claims in his original Petition or some other timely filing, and our September 30, 2009 Order giving him 30 days to submit a revised habeas petition does not affect the timeliness of Petitioner's Fourth Amendment claims. Moreover, as we noted in our July 7 Memorandum, we would be unable to review the Fourth Amendment claims Petitioner asserted in the Revised Petition even absent the time bar because those claims were fully litigated in Petitioner's state court proceedings. See Marshall v. Hendricks, 307 F.3d 36, 81 (3d Cir.

2002) ("'[W]here the State has provided an opportunity for full for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" (quoting Stone v. Powell, 428 U.S. 465, 494 (1976))). Petitioner's Request for Consideration is therefore denied as to his Fourth Amendment claims.

Petitioner also argues that we erred in finding that he procedurally defaulted his claim that his sentence pursuant to Pennsylvania's three-strikes provision, 42 Pa. Cons. Stat. Ann. § 9714, was impermissibly retroactive because his prior convictions predated the statute's enactment. Petitioner asserts that he made this claim in the state courts prior to filing his federal habeas petition. However, while Petitioner made a similar argument – that his sentence violated the Ex Post Facto and Due Process Clauses because his prior convictions occurred more than seven years before he committed the instant offense – before the state courts, he first made the instant argument in his federal habeas petition and therefore has not exhausted it. That Petitioner argued in his federal habeas filings that his sentence was impermissibly retroactive because his prior convictions predated the enactment of § 9714 has no bearing on whether he exhausted this claim in the state courts. Furthermore, an application of the legal principles that led us to conclude that Petitioner's related and exhausted claim is meritless would lead us to the same conclusion with respect to Petitioner's unexhausted claim. As we noted in our July 7 Memorandum, recidivist statutes such as § 9714 raise no retroactivity or ex post facto concerns where the offense for which a defendant is being punished occurred subsequent to the statute's enactment. Accordingly, we deny Petitioner's Request for Reconsideration with respect to this claim.

Petitioner further argues that we failed to consider his claim that his 1973 convictions could

not serve as sentence enhancers in connection with § 9714 because they were ungraded felonies. As a preliminary matter, Petitioner raised this issue in the Memorandum of Law he filed on December 30, 2009, but did not enumerate it in his original or revised habeas petitions. Therefore, this claim is untimely, and we may consider it waived. Furthermore, even if Petitioner had timely argued that his prior convictions could not be used to enhance his sentence on this basis, he failed to exhaust this claim in the state courts, and it is procedurally defaulted. See Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007) (explaining that a habeas petitioner "must 'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process'" (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and citing Woodford v. Ngo, 548 U.S. 81, 92-93 (2006))). Although Petitioner alluded to this argument in his amended PCRA petition, he did not address it in the brief he later filed, nor did he raise it in his appeal of the denial of his amended petition. Additionally, even if Petitioner had not procedurally defaulted his claim that his ungraded convictions could not be used as sentence enhancers, we would be compelled to find it meritless. Federal habeas relief is only available for violations of the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's claim – that his sentence violated Pennsylvania's three-strikes law – is based upon a violation of state law and therefore cannot be considered by this Court. Consequently, we deny Petitioner's Request for Reconsideration with respect to his claim that his prior ungraded felony convictions could not be counted as strikes.

Finally, Petitioner argues that we erred in finding that the state court properly sentenced him under the three-strikes rule even though his prior convictions all occurred more than seven years prior to the amendment of § 9714. As we noted in our July 7 Memorandum, Petitioner committed the

offense for which he was sentenced in 2002, after § 9714 was amended to remove the restriction on qualifying convictions to those occurring within seven years of the date of the commission of the instant offense. That Petitioner's qualifying convictions occurred before § 9714's amendment (or even its enactment) is irrelevant, since it is settled law that recidivist statutes such as § 9714 do not raise ex post facto concerns regardless of the date of a defendant's prior criminal conduct. See United States v. McCalla, 38 F.3d 675, 680 (3d Cir. 1994).[2] Accordingly, we conclude that our July 7 ruling was not a clear error of law and would not create manifest injustice, and deny Petitioner's Request for Review. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

[2] Additionally, we note that while Petitioner addresses his claim as a statute of limitations argument, there is no statute of limitations with respect to § 9714.