IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD FORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, ET AL. | : | NO. 09-3537 |

**MEMORANDUM**

**Padova, J.**                                                                                            February 6, 2013

Before the Court is Petitioner Harold Ford's Motion to Re-Open his Petition for Writ of Habeas Corpus brought pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On December 18, 2002, a jury convicted Petitioner of robbery and conspiracy. Commonwealth v. Ford, No. 3457-02, slip op. at 1 (Chester County Ct. Com. Pl. Sept. 30, 2003). The conviction arose from the June 24, 2002 robbery of two employees of the Hilton Garden Inn in Kennett Square, Pennsylvania, as the employees were cashing out their drawers. Id. at 8-9. Petitioner was sentenced to twenty-five to fifty years' imprisonment on the robbery count pursuant to Pennsylvania's mandatory "three strikes" statute, 42 Pa. Cons. Stat. Ann. § 9714,[1] and to ten to twenty years' imprisonment on the conspiracy count, to be served concurrently.

---

[1] Section 9714 provides, in relevant part, as follows:
Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total

The Pennsylvania Superior Court affirmed Petitioner's conviction and sentence on July 12, 2004, Commonwealth v. Ford, No. 2087 EDA 2003, slip op. at 3-5 (Pa. Super. Ct. July 12, 2004), and the Pennsylvania Supreme Court denied his request for allowance of appeal on April 19, 2005, Commonwealth v. Ford, 872 A.2d 1198 (Pa. 2005).  Petitioner timely filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, in which he argued in part that the trial court erred in applying the three-strikes statute to him.  He was appointed counsel who filed an amended petition on October 20, 2006, and argued in that petition that (1) Petitioner was improperly sentenced under the three-strikes statute because he was never sentenced as a "second strike offender," (2) there was insufficient evidence to establish that Petitioner committed the enumerated prior offenses, and (3) the court's consideration of a conviction that occurred more than seven years before the instant offense constituted a retroactive application of the three-strikes statute against Petitioner.  The PCRA court dismissed the petition, and the Pennsylvania Superior Court affirmed in a published opinion on April 29, 2008, reasoning that § 9714 is not illegally retroactive, and that Petitioner need not have been sentenced as a second strike offender in order to be sentenced under § 9714.  Commonwealth v. Ford, 947 A.2d 1251, 1253-54 (Pa. Super. Ct. 2008).  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on October 8, 2008.  Commonwealth v. Ford, 959 A.2d 319 (Pa. 2008).

On July 13, 2009, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which raised three claims for relief:  (1) the sentencing court's enhancement of Petitioner's sentence with convictions that occurred more than seven years before the instant

---

confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa. Cons. Stat. Ann. § 9714(a)(2).

conviction violated his Due Process rights (the first claim that the application of § 9714 was illegally retroactive); (2) the court's enhancement of his sentence with convictions prior to § 9714's enactment violated the Ex Post Facto Clause (the second claim that the application of § 9714 was illegally retroactive); and (3) his trial and appellate counsel were ineffective for failing to argue that his sentence violated the Due Process and Ex Post Facto Clauses of the United States and Pennsylvania Constitutions.  However, Petitioner had not used the correct form for his Petition and, in an Order dated September 30, 2009, we provided him with a copy of the correct form and directed him to return it within thirty days.

Petitioner then filed a revised Petition on October 15, 2009, in which he raised the following four issues:  (1) his conviction was based upon evidence obtained pursuant to an unconstitutional search and seizure in violation of his Fourth Amendment rights; (2) his conviction was based upon an unlawful arrest in violation of his Fourth Amendment rights; (3) the prosecution failed to disclose evidence that was favorable to Petitioner; and (4) his counsel was ineffective in failing to file a post-sentencing motion or petition for reconsideration.  On December 30, 2009, Petitioner filed a Memorandum of Law in which he addressed the issues raised in both his original and revised Petitions.  After the District Attorney's office filed its Answer and Petitioner filed a response thereto, the Magistrate Judge directed the parties to address whether any of Petitioner's claims were time-barred.

On April 16, 2010, the Magistrate Judge issued her Report and Recommendation, recommending that the revised Petition be dismissed as untimely filed and that the original Petition be denied.  With respect to the revised Petition, the Magistrate Judge recommended that the Petitioner's allegations of errors relating to the validity of his conviction had nothing to do with the claims he raised in his original Petition, which were based on the constitutionality of his

sentence under § 9714. The Magistrate Judge thus recommended that enforcement of the time bar was appropriate and that Petitioner was not entitled to equitable tolling. In connection with the claims Petitioner raised in his original Petition, the Magistrate Judge recommended that Petitioner's second claim that the application of § 9714 was illegally retroactive should be denied because he failed to exhaust that claim in state court. The Magistrate Judge addressed the remainder of Petitioner's retroactivity claim on the merits, and recommended that Petitioner's sentence under the three-strikes statute did not violate the Ex Post Facto Clause and that the Pennsylvania courts' decisions to that effect were neither contrary to, nor an unreasonable application of, clearly established federal law.[2] Relatedly, the Magistrate Judge recommended that Petitioner's counsel could not have been ineffective for failing to argue the Ex Post Facto issue, since that issue was meritless. Petitioner objected to all of the Magistrate Judge's recommendations except her recommendation as to his ineffectiveness claim.

On July 7, 2010, we issued a Memorandum and Order overruling all of Petitioner's objections and adopting the Magistrate Judge's Report and Recommendation. Petitioner now asks that we reopen his Petition pursuant to Federal Rule of Civil Procedure 60(b)(6) based on Martinez v. Ryan, --- U.S. ---, 132 S. Ct. 1309 (2012). Petitioner contends that his PCRA counsel was ineffective in failing to exhaust his second claim that the application of § 9714 was illegally retroactive, and that his counsel's ineffectiveness constitutes good cause to excuse the procedural bar caused by his failure to exhaust that claim.

---

[2] Petitioner argued, in his Memorandum of Law, that the enhancement of his sentence with convictions that occurred more than seven years prior to the instant offense violated the Ex Post Facto Clause. He did not mention the Due Process Clause in his argument. (See Petitioner's Dec. 30, 2009 Mem. at 4-5.)

## II. LEGAL STANDARD

Petitioner asks that we reopen his Petition for Writ of Habeas Corpus pursuant to Rule 60(b)(6) which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b)(6) relief from judgment is only granted in extraordinary circumstances." Jackson v. Danberg, 656 F.3d 157, 165 (3d Cir. 2011) (footnote omitted) (citing Martinez–McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911–12 (3d Cir. 1977)). Relief is available under Rule 60(b)(6) "where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Id. at 165-66 (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)). The Supreme Court has recognized that extraordinary circumstances warranting relief pursuant to Rule 60(b)(6) "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

## III. DISCUSSION

Petitioner asks that we vacate our July 7, 2010 Order adopting the Magistrate Judge's Report and Recommendation and denying his Petition for Writ of Habeas Corpus so that we may consider the merits of his second claim that the application of § 9714 in the determination of his sentence was illegally retroactive because it violated the Ex Post Facto Clause. The Magistrate Judge recommended that we deny Petitioner's second claim that the application of § 9714 was illegally retroactive in this case because it was unexhausted and, since it is now loo late for Petitioner to raise this claim in state court, it is procedurally defaulted. Petitioner relies on Martinez, in which the Supreme Court narrowly expanded the grounds upon which a procedural default may be excused.

Pursuant to the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez, 132 S. Ct. at 1316 (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991), and Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)). Thus, "[a] state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." Id. (citing Walker v. Martin, 562 U.S. ---, 131 S. Ct. 1120, 1127–28 (2011), and Beard v. Kindler, 558 U.S. ---, 130 S. Ct. 612, 617–18 (2009). There is, however, an exception to the procedural default doctrine. Id. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. (citing Coleman, 501 U.S. at 750).

The Supreme Court has explained that "[c]ause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule.'" Maples v. Thomas, ---U.S.---, 132 S. Ct. 912, 922 (2012) (last three alterations in original) (quoting Coleman, 501 U.S. at 753). However, the Supreme Court determined in Coleman that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause' . . . because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." Id. (quoting Coleman, 501 U.S. 753–54, and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990)).

The Supreme Court altered the Coleman rule in Martinez, determining that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral

6

proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim" where appointed counsel, who failed to raise the claim in the "initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)." Martinez, 132 S. Ct. at 1318. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1318-19 (citing Miller–El v. Cockrell, 537 U.S. 322 (2003)).

Petitioner contends that the Supreme Court's holding in Martinez should be applied in this case, and that the procedural default of his second claim should be excused, because he raised that claim in his *pro se* PCRA petition, but his PCRA counsel failed to raise it in the Amended PCRA petition. Thus, Petitioner argues that his procedural default should be excused because his failure to exhaust this claim was caused by his PCRA counsel's ineffective assistance. Petitioner's reliance on Martinez raises the question of whether the Supreme Court's decision in Martinez constitutes an extraordinary circumstance warranting relief pursuant to Rule 60(b)(6). The United States Court of Appeals for the Third Circuit has not yet examined this issue. This issue has been analyzed by the United States Court of Appeals for the Fifth Circuit, which concluded that "[b]ecause the Martinez decision is simply a change in decisional law [it] is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6) . . . .'" Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012) (quoting Hernandez v. Thaler, 630 F.3d 420, 429 (5th Cir. 2011)). See also Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (noting that "'[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)'" (quoting Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir.1999) (en banc))).

7

We agree with the Fifth Circuit's analysis of this issue and we join the other district courts in this circuit that have held that the Supreme Court's decision in Martinez does not alone constitute an "extraordinary circumstance" warranting relief under Rule 60(b)(6). See House v. Warden, SCI-Mahanoy, Civ. A. No. 3:CV-08–0331, 2013 WL 297838, at *4 (M.D. Pa. Jan. 24, 2013); United States v. Correa, Crim. No. 89–163, Civ. A. No. 97-1349, 2013 WL 203558, at *1-*2 (W.D. Pa. Jan. 17, 2013); Bender v. Wynder, Civ. A. No. 05-998, 2012 WL 6737840, at *2 (W.D. Pa. Dec. 28, 2012); Brown v. Wenerowicz, Civ. A. No. 07-1098, 2012 WL 6151191, at *3-*4 (E.D. Pa. Dec. 11, 2012); Fitzgerald v. Klopotoski, Civ. A. No. 09-1379, 2012 WL 5463677, at *3 (W.D. Pa. Nov. 8, 2012); Gale v. Wetzel, Civ. A. No. 1:12-CV-1315, 2012 WL 5467540, at *9 (M.D. Pa. Sept. 27, 2012); Vogt v. Coleman, Civ. A. No. 08-530, 2012 WL 2930871, at *3-*4 (W.D. Pa. July 18, 2012).

Even if the change in the law described in Martinez did constitute extraordinary circumstances under Rule 60(b)(6), it would not support Petitioner's argument that his procedural default should be excused, because his unexhausted claim has no merit. Petitioner argued, in support of his habeas petition, that the use of his prior convictions to enhance his sentence pursuant to § 9714 violated the Ex Post Facto clause because he committed three of his four prior crimes before § 9714 was enacted. Petitioner contends that his sentence was enhanced pursuant to § 9714 based upon four convictions:  (1) Case No. 2883-88, for which he was sentenced on December 20, 1991; (2) Case No. 1199-78, for which he was sentenced on April 11, 1979; (3) Case No. 148-73, for which he was sentenced on September 20, 1973; and (4) Case No. 186-73, for which he was also sentenced on September 20, 1973. (Pet. Dec. 30, 2009 Mem. at 11.)  Section 9714 was enacted on March 8, 1982 and became effective 90 days later. P.L. 169, No. 54, § 3 (March 8, 1982).

Article I, Section 10 of the Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. 1, § 10. An ex post facto law is "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed . . . ." Collins v. Youngbood, 497 U.S. 37, 42 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)). The Supreme Court has explained that "[t]he heart of the Ex Post Facto Clause . . . bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed . . . ." Johnson v. United States, 529 U.S. 694, 699 (2000) (referring to U.S. Const. Art. I, §9) (quoting Calder v. Bull, 3 Dall. 386, 390 (1798)).

"The date of [Petitioner's] prior criminal conduct is not relevant for purposes of an ex post facto analysis . . . ." United States v. McCalla, 38 F.3d 675, 680 (3d Cir. 1994) (citing Gryger v. Burke, 334 U.S. 728, 732 (1948), and United States v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir. 1994)). Thus, the only dates that are relevant to our analysis are the date of Petitioner's robbery of the Hilton Garden Inn, which occurred on June 24, 2002, and the date that § 9714 went into effect, which was June 6, 1982. See Arzate-Nunez, 18 F.3d at 734 ("For purposes of analyzing repeat offender statutes and statutes increasing penalties for future crimes based on past crimes, the relevant 'offense' is the current crime, not the predicate crime." (citing United States v. Carson, 988 F.2d 80, 81 (9th Cir. 1993), and United States v. Ahumada–Avalos, 875 F.2d 681, 683 (9th Cir. 1989))).

Since Petitioner's robbery of the Hilton Garden Inn occurred on June 24, 2002, more than two decades after the enactment of § 9714, the application of § 9714 to enhance Petitioner's

9

sentence for that robbery did not "change[] the punishment, [or] inflict[] a greater punishment, than the law annexed to the crime, when committed . . ." because § 9714 applied to Petitioner's crime when he committed it. Johnson, 529 U.S. at 699. Consequently, the application of § 9714 to enhance Petitioner's sentence for the June 24, 2002 robbery of the Hilton Garden Inn did not violate the Ex Post Facto Clause. We conclude, accordingly, that Petitioner's second claim for relief, that his sentence for the robbery of the Hilton Garden Inn violated the Ex Post Facto Clause, is meritless.[3]

Martinez provides that, in order to establish cause to excuse a procedural default, a petitioner must demonstrate that his defaulted claim "has some merit." Martinez, 132 S. Ct. at 1318-19 (citing Miller–El, 537 U.S. 322). Since Petitioner has not demonstrated that his defaulted claim has any merit, he cannot establish cause and prejudice to excuse his procedural default in this case. We conclude, accordingly, that Petitioner has not demonstrated that extreme and unexpected hardship will result from our denial of his Rule 60(b)(6) Motion. Jackson, 656 F.3d at 165. Consequently, Petitioner has not established extraordinary circumstances warranting relief pursuant to Rule 60(b)(6).

## IV.     CONCLUSION

For the reasons stated above, we conclude that the Petitioner has not established the existence of extraordinary circumstances warranting relief pursuant to Rule 60(b)(6).

---

[3] To the extent that Petitioner seeks to re-open this proceeding to relitigate his third claim for relief insofar as that claim asserted a claim of ineffective assistance of trial counsel for failing to argue that the application of § 9714 to enhance Petitioner's sentence for the June 24, 2002 robbery violated the Ex Post Facto Clause, his trial counsel's failure to raise this issue did not constitute ineffective assistance of counsel. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (citing Newsted v. Gibson, 158 F.3d 1085, 1090 (10th Cir. 1998); Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994); and Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989))).

Petitioner's Motion to Re-Open his Petition for Writ of Habeas Corpus brought pursuant to Federal Rule of Civil Procedure 60(b)(6) is, accordingly, denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.